UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUZ WILLIS,

    Plaintiff,

v.                                              Case No: 8:22-cv-1626-CEH-TGW

BJ'S WHOLESALE CLUB, INC.,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. Plaintiff Luz Willis allegedly slipped in a puddle of water while walking in front of a flower display at one of Defendant BJ's Wholesale Club, Inc.'s locations. Doc. 1-1 ¶9. After Willis initiated this action, BJ's Wholesale removed the action on the basis of diversity jurisdiction. Doc. 1 at 2. However, the Court is unable to determine whether it has subject-matter jurisdiction because BJ's Wholesale does not sufficiently establish the parties' diverse citizenship or that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## LEGAL STANDARD

Federal courts must *sua sponte* inquire into an action's subject-matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the

court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject-matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject-matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual's citizenship is determined by the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)

(quoting 28 U.S.C. § 1446(a)). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Id.* (emphasis added). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but "[e]vidence establishing the amount is required. . . when the court questions . . . the defendant's allegation." *Id.* When the court questions the defendant's allegation, "the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

## DISCUSSION

As the party seeking to invoke federal jurisdiction, BJ's Wholesale bears the burden of establishing the existence of diversity jurisdiction. Citing to a record from the Secretary of the Commonwealth of Massachusetts's Corporations Division, BJ's Wholesale represents that it is a "citizen and resident" of Massachusetts because its principal place of business is located in Massachusetts. Doc. 1 at 3. But a corporation's principal place of business and its place of incorporation determine its citizenship, not just its principal place of business. 28 U.S.C. § 1332(c)(1). The record provides a Massachusetts address for the principal office of BJ's Wholesale and indicates that BJ's Wholesale is incorporated in Delaware. Doc. 1-3 at 1. As such, BJ's Wholesale is a citizen of Massachusetts and Delaware.

Next, BJ's Wholesale contends that Willis is a Florida citizen and "was a resident of Pinellas County at the time of the incident." Doc. 1 at 3. In support, BJ's Wholesale cites to an allegation in the complaint. *Id.* But that allegation simply alleges that Willis was a resident of Florida at all times material to this action. Doc. 1-1 ¶2. As highlighted above, a natural individual's citizenship is determined by the state in which he or she is domiciled. Critically, "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). As such, BJ's Wholesale fails to establish Willis's citizenship. Because BJ's Wholesale fails to establish Willis's citizenship, the Court cannot determine whether it may exercise subject-matter jurisdiction over this action.

The Court also questions whether the amount in controversy exceeds $75,000, exclusive of interest and costs. BJ's Wholesale argues that a demand letter from Willis's counsel, in which he demanded $300,000 to settle this action, demonstrates that the amount in controversy exceeds $75,000. Doc. 1 at 2. Courts must analyze demand letters to determine if they reflect puffing and posturing or whether they provide specific information to support the claim for damages, thereby offering a reasonable assessment of the claim's value. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). BJ's Wholesale offers no analysis of the letter. To be sure, the letter details spine injuries that the 80 year-old Willis purportedly sustained as a result of the accident. But the demand letter also indicates that her medical bills totaled only $52,958.98 and that her

most recent treating physician recommended only "continuing with home exercises and conservative treatment" going forward. Doc. 1-2 at 9. The letter "estimate[s]" that Willis will incur $50,500 in medical expenses over the next ten years, at approximately $5,000 per year. *Id.* at 9–10. But the letter does not offer any specific information to support this "estimate."[1] In the absence of any analysis, the Court cannot conclude that the letter offers a reasonable assessment of the claim's value. Because the letter does not demonstrate that the amount in controversy exceeds $75,000 and BJ's Wholesale fails to offer any other evidence, the Court cannot determine whether BJ's Wholesale satisfies the amount-in-controversy prong of diversity jurisdiction.[2]

Accordingly, it is **ORDERED** that BJ's Wholesale Club, Inc., must **SHOW CAUSE** as to why the Court should not remand this action for lack of subject-matter jurisdiction. BJ's Wholesale must file a written response with the Court within

---

[1] The Court also notes that "the weight of authority considers pre-removal payments when determining the amount in controversy for jurisdictional purposes." *Walsh v. Target Corp.*, No. 6:20-cv-1185-RBD-EJK, 2020 WL 5634125, at *4 (M.D. Fla. Aug. 27, 2020), *report and recommendation adopted*, No. 6:20-cv-1185-RBD-EJK, 2020 WL 5628903, at *1 (M.D. Fla. Sep. 21, 2020); *see Antonello v. Wal-Mart Stores E., LP*, No. 8:21-cv-2194-VMC-TGW, 2021 WL 5320403, at *3 (M.D. Fla. Nov. 16, 2021) (finding the amount in controversy insufficient where a collateral source payment had reduced the amount that the plaintiff sought by the time of removal). BJ's Wholesale does not address whether Willis had received any payments for the incurred bills at time of removal.

[2] Unrelated to the jurisdictional deficiencies, the Court observes that BJ Wholesale's answer "incorporates" a motion to strike or dismiss portions of the complaint. Doc. 1-4 at 4–6. This incorporation violates the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a)–(b) (distinguishing between pleadings, motions, and other papers); *see also* Fed. R. Civ. P. 81(c) (stating that the Federal Rules of Civil Procedure apply to a civil action after its removal). As such, the Court will not consider the incorporated motion. If BJ's Wholesale desires Court relief, it must file a separate motion. Local R. M.D. Fla. 3.01(a).

**FOURTEEN (14) DAYS from the date of this order. Failure to respond within the time provided will result in the remand of this action without further notice**.

**DONE AND ORDERED** in Tampa, Florida on October 11, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any